LANSING
v.
LANSING.

LANSING *against* LANSING.

Where a bet was laid, after the poll was closed, on the event of the election for governor, and the party gave his negotiable note for the amount of the bet, payable in 30 days, which was deposited with a stakeholder, and afterwards delivered to the winner, who endorsed it, after it became due; it was held that the endorsor took the note, subject to all the defence existing against it, in the hands of the original payee, and that the note being given for such a *wager*, was void.

IN error, on *certiorari*, from a justice's court. The defendant in error brought an action against the plaintiff in error, before a justice, on a note made by the plaintiff in error, payable 30 days after date, to *J. G. L.* or order, and endorsed by him. The plaintiff in error and *J. G. L.* made a bet of 8 dollars, on the 26th *April* last, after the close of the poll, as to the election of the governor, and made their notes to each other, for the amount of the bet, which were deposited with one *Smith.* After the event of the election was known, *Smith*, the holder, delivered both the notes to *J. G. L.* the winner. It appeared that the note in question was endorsed after it became due; and that about a week after the election, the plaintiff in error, and *J. G. L.* the payee, agreed that the notes should be given up and considered as nothing; and that a bet of suppers should be substituted instead of the eight dollars. There was a trial by jury, and a verdict for the plaintiff for eight dollars, on which the justice gave judgment.

*Per Curiam.* The plaintiff below took the note, after it had become due, and subject, therefore, to every defence which existed against it, in the hands of the original payee. This case falls within the principle laid down in *Bunn* v. *Riker*, (4 *Johns. Rep.* 426.) that a bet involving an inquiry into the validity of the election of the governor, was void, on principles of policy. The judgment below must be reversed.

Judgment reversed.