## ROGER E. PEKKINS *vs.* PETER EATON.

A wager upon a subject, in which the parties have no interest, is not a valid contract in this state ; and where the money has been deposited in the hands of a stakeholder, it may be recovered back in an action of assumpsit, upon a count for money had and received.
But, if the money has actually been paid over to the winner, no action can be maintained to recover it back.

ASSUMPSIT for $25, money had and received.

The cause was tried here, upon the general isue, at January term, 1824 ; when it appeared in evidence, that the plaintiff and one *Amariah Pierce*, made a bet, that *Pierce* could not break from the gaol in Hopkinton in this county, in a certain time. *Pierce* was not then a prisoner, but had been confined before in the goal. The plaintiff bet $25 to $1, and the money was placed in the hands of the defendant.— *Pierce* went into the gaol and got out within the time limited. The plaintiff demanded the money of the defendant, and directed him not to pay it over to *Pierce*, alleging, that it was not fairly won. The money still remains in the hands of the defendant. But nothing appearing against the fairness of *Pierce's* conduct, a verdict was taken for the defendant.

subject to the opinion of the court upon the foregoing case.

*Horace Chase,* for the plaintiff.

*R. Fletcher,* for the defendant.

RICHARDSON, C. J. delivered the opinion of the court. *

It is contended on the part of this plaintiff, that every wager is illegal, and the contract void ; and that, therefore, he is entitled to recover of the stakeholder the deposit he made with him, although by the terms of the contract the money now belongs to another person. As this proposition is the foundation of the action, we propose to proceed at once to the examination of the authorities, which bear upon the question.

In the case of *Andrews vs. Herne,* (1 *Levintz* 33,) the action was assumpsit upon a wager, that King Charles the second, who was then in exile, would be King of England within twelve months. There was a motion in arrest of judgment, on the ground that there was no consideration ; but no objection was made to the validity of the contract.

In the case of *Jackson vs. Colegrave,* (*Carthew* 338,) it was decided in the exchequer chamber, that a general *indebitatus assumpsit* for money won upon a wager would not lie. No question was made as to the legality of a wager. The only matter in controversy was the form of the action ; and the reason of the decision is said to have been, that the court would not countenance gaming, by giving such an easy remedy for money won at play.

In *Earl March vs. Pigot,* the wager was upon the lives of two individuals ; and no doubt seems to have been entertained, that the contract was valid. 5 *Burrows* 2802.

The case of *Jones vs. Randall,* (*Cowper* 37,) was assumpsit upon a wager, whether a decree of the court of chancery would be reversed in the house of lords. The court said, that as the contract was not prohibited, by any positive law, nor contrary to any principle of sound policy or morality, an action might be maintained to recover the money won.

The case of *Da Costa vs. Jones,* (*Cowper* 729,) was assumpsit upon a wager, as to the sex of an individual ; and it was held, that the action did not lie, because the wager was in-

---

* HARRIS, J. having been of counsel, did not sit.

Perkins
*vs.*
Eaton.

decent in itself, and a gross injury to a third person, and so *contra bonos mores*. And Lord Mansfield said, it was too late to discuss, whether it would not have been better policy to hold all wagers void.

In *Allen vs. Hearn*, (1 *D. & E.* 56,) the case was assumpsit upon a wager between two voters, as to the event of an election of a member to serve in parliament ; and the contract was held to be against sound policy and void.

In *Atherfold vs. Beard*, a wager upon the amount of a branch of the publick revenues, was held to be against sound policy, and the contract void, (2 *D. & E.* 610 ;) and AshHURST, J. said, " Perhaps it would have been better for the " publick, if the courts had originally determined, that no " action to enforce the payment of wagers should be per- " mitted ;" and BULLER, J. remarked, that " he did not " find, that it had been established as a position of law, that " a wager between two persons, not interested in the subject " matter, was legal."

In the case of *Good vs. Elliot*, (3 *D. & E.* 693,) this subject was much discussed in the King's Bench ; and it was decided that an action might be maintained to recover a sum of money won upon a wager. 13 *East* 19, *Pickard vs. Bankes.*

It has been decided, that a wager, the tendency of which was to operate in restraint of marriage, was illegal and void. 10 *East, Hartley vs. Rice.* So a wager upon an abstract question of law is not a proper foundation of an action. 12 *East* 247, *Henkin vs. Guerss.*

In the case of *Bunn vs. Riker*, (4 *John.* 426,) it was held, that at common law an action for a wager was maintainable ; but that a wager, which was against the principles of sound policy, could not be recovered. 8 *John.* 454, *Lansing vs. Lansing.*—12 *ditto* 376, *Denniston vs. Cook.*—7 *ditto* 434, *Mount vs. Waite.*

It seems, that in New-York an action may be maintained upon a wager policy of insurance. 3 *Caines' Rep.* 141, *Clendining vs. Church.* But in Massachusetts, a wager policy seems not to be considered as a valid contract. 2 *Mass. Rep.* 1, *Amory vs. Gilman.*—13 *ditto* 108, *Hemmenway vs. Eaton.*

A wager between two persons, not interested in the subject matter, was not by the civil law a valid contract. *2 D. & E.* 616. But in certain cases, wagers were by the civil law lawful. *Woods' Civ. Law* 218.

On the whole, it is not to be doubted, that at the common law an action might, under certain circumstances, be maintained for a wager; but the question is, whether the common law on this subject has ever been adopted in this state? It is not known, that any action of this kind has ever been before brought in this state; and this circumstance seems to indicate a general impression among the members of the bar, that such an action cannot be maintained. For wagers have certainly been not uncommon among us. We are not precluded then, by adjudged cases, from adopting the rule of the civil law, and holding that a wager upon a subject, in which the parties have no interest, is a void contract. Many English judges have regretted, that the same rule had not been adopted in that country; and we have no doubt, that the better part of the community here would regret, that any countenance should be given to a wager of this kind, in our courts of justice. We have come to the conclusion, that the rule of the common law, on this subject, has not been adopted in this state, and that a wager upon a subject, in which the parties have no interest, is not a valid contract.

The only remaining question is, whether the money can be recovered from the stakeholder, in whose hands it remains?

It is well settled, that when the money has been paid over to the winner, no action can be maintained to recover it back. 8 *D. & E.* 575.—8 *John.* 147.—1 *East* 96.—*Doug.* 468.

But it is as well settled, that so long as the money remains in the hands of the stakeholder, an action lies to recover it back. 5 *D. & E.* 405.—11 *John.* 23.—12 *ditto* 1.—*Cowper* 197, 790.—2 *W. Blackstone* 1073.—1 *H. Blackstone* 65.—7 *D. & E.* 535.—1 *B. & P.* 296.—8 *D. & E.* 575.—1 *East* 96.—3 *ditto* 222.

We are therefore of opinion that the verdict must be set aside, and

*A new trial granted.*