Davidson agt. Remington.

## SUPREME COURT.

### John M. B. Davidson agt. John W. Remington.

When a defendant has, against the plaintiff, a *cause of action*, (on contract,) upon which he might maintain a suit, it is a *" counter-claim."* In other words, a *cross-demand.*

But a counter-claim must exist *against the plaintiff,* as well as in favor of the defendant. Any other cause of action would not be a *cross-demand.*

Where the defendant alleges matter, which, if true, shows that the plaintiff never had a cause of action against him to the amount claimed in the complaint— such as the payment of a large portion of the promissory note, while in the hands of the payee : such matter does not constitute a counter-claim, and requires no reply. The defendant must *prove* his payments, therefore, where no reply is put in.

*Albany Special Term, April,* 1855.

Motion to set aside judgment, &c.

The action was brought upon a note made by the defendant, payable to the order of one Emerson, for $131.89.

The defendant, in his answer, admitted the execution of the note, and stated that, while Emerson was the holder of the note, he became indebted to the defendant, to the amount of $98.12, for work, labor, &c.; and it was agreed between him and the defendant, that such indebtedness should be applied upon the note. The defendant claimed that, to this extent, the note was paid. No reply was put in by the plaintiff. The issue was noticed for trial at the Albany circuit in March, 1855; and when the cause was reached upon the calendar, the plaintiff took judgment for the whole amount of the note and interest, the defendant not appearing. Judgment was perfected, and execution issued.

The defendant moved to set aside the proceedings, on the ground that, there having been no reply served to the answer, the claim set up by the defendant against the note was admitted, and judgment should only have been taken for the balance.

Gilbert L. Wilson, *for plaintiff.*

D. L. Boardman, *for defendant.*

Davidson agt. Remington.

Harris, Justice.   The question which this motion presents is, whether the matter set up by the defendant in his answer is a *counter-claim*, within the meaning of the term, as it is used in the 150th section of the Code.   If it is, the plaintiff, by omitting to reply to it, as authorized by the 153d section of the Code, admitted the facts alleged, and was irregular in taking judgment for the whole amount of the note.   If, on the contrary, the answer does not amount to a *counter-claim*, the plaintiff was not authorized to reply to it, and the facts alleged were put at issue by the operation of the 168th section of the Code.

The term " counter-claim " being new to the law, as well as the dictionary, judges have sometimes exercised themselves with the duty of framing a definition.   The term itself has always seemed to me simple and significant, and its meaning obvious.   I understand that when the defendant has, against the plaintiff, a cause of action upon which he might have maintained a suit, such cause of action is a *counter-claim*.   The parties then have *cross-demands*.   When such a cross-demand is interposed by the defendant, there are, in effect, two causes of action before the court for trial in the same suit.   Both parties are, in some sense, plaintiffs, and both defendants.   The answer, containing the cross-demand, called a counter-claim, is, in pleading, treated like a complaint by the defendant against the plaintiff, and the reply to such an answer like the answer to a complaint.   Each party claims affirmative relief against the other.

The plaintiff asks for judgment against the defendant for the cause of action stated in the complaint, and the defendant asks for judgment against the plaintiff for the cause of action stated in the counter-claim.   If both causes of action are established, the one is allowed to cancel the other, and judgment is only rendered against one or the other of the parties to the extent that one demand, as established by the judgment of the court, exceeds the other.

From this analysis of a *counter-claim*, it follows, that it must exist against the plaintiff as well as in favor of the defendant.

Any other cause of action would not be a *cross-demand*. Hence the Code, in defining a *counter-claim*, commences by declaring that it must be a claim "existing in favor of a defendant and against a plaintiff."

From this examination of the elements which constitute a counter-claim, it is manifest, I think, that the matter stated by the defendant in his answer did not amount to such a pleading. When a defendant sets up a counter-claim, in pleading, he assumes that the plaintiff has a cause of action against him, and proposes to meet it by establishing another cause of action against the plaintiff. But here the defendant says, in effect, by his answer, that the plaintiff, to the extent of $98.12, never had a cause of action against him. He alleges that when the plaintiff obtained the note against him, which constitutes the only cause of action, he acquired a right of action, not for the amount of the note, but for the difference only between that amount and the sum stated in the answer—that, with the exception of this difference, the note had been paid.

The defendant does not pretend to have a cross-demand against the plaintiff. He merely alleges matter which, if true, shows that the plaintiff never had a cause of action against him to the amount claimed in the complaint. Such matters required no reply. The defendant, before he could have the benefit of his allegations, was bound to establish them by proof upon the trial. As no such proof was offered at the trial, the plaintiff's cause of action was undefended.

The motion must, therefore, be denied, with costs.