## SUPREME COURT.

### JOSEPH WOLF agt. CHARLES E. H——.

The right of *set-off*, when a chose in action is assigned, as it existed against the *assignor* at the time of the assignment or transfer, cannot be set up as a *counter-claim*, (which is limited to the parties to the record,) is not embraced within its terms, and is excluded by the statute.   It remains a subsisting right, and must be set up as a *defence.*

*Ontario Special Term, Aug.* 1856.

MOTION to strike out part of answer as frivolous, and for judgment.

Action on a promissory note of $100, dated Sept. 12, 1854, payable to Benjamin F. Salisbury, or order, on the first of April, 1855, and transferred to plaintiff.   The answer admits the making of the note, and sets up an offset, before note fell due, against Salisbury, the payee, before transfer of the note, and that same was transferred after it fell due, in the sum of $15, for services rendered to said Salisbury.

S. W. SALISBURY, *for plaintiff.*
H. V. R. MALLORY, *for defendant.*

E. DARWIN SMITH, Justice.   This motion is made upon the assumption that the claim in the answer to set off the $15, not being against the plaintiff on the record, is not valid as a counter-claim—under § 150 of the Code.   The counter-claim of that section must be against the plaintiff, and this set-off cannot of course, as a counter-claim, be allowed for that reason.   The Revised Statutes (*Vol.* 2d, 354, *sub.* 9) gives a right of set-off

of such claims as the one set up in this answer; and this right of set-off is retained in § 112 of the Code.

A set-off in a case like the present, can only be made available as "a *statement* of *new matter* constituting a *defence under* § 149." At the time when this note was transferred, the defendant had an offset against it to the extent of $15. This must be regarded as a defence *pro tanto*, like a partial payment or recoupment. The defence mentioned in the second subdivision of § 149, does not mean a *complete defence in bar*, like a plea in bar under the old system. The answer is rather to be like the answer in chancery, and may consist of many particulars, constituting, together or separately, a defence in whole or in part. (*See Houghton* agt. *Townsend*, 8 *Howard*, 441; 6 *id*. 433 *and* 420.)

The counter-claim of the Code is a new invention. Its precise force and meaning is to be fixed by judicial decisions. It obviously includes recoupment and a set-off, as between the parties to the record, and something more. It is the set-off of the Revised Statutes, together with the set-off of courts of equity, and yet something more. It embraces all sorts of claims which a defendant may have against a plaintiff, in the nature of a cross action or demand, or for which a cross or separate action would lie, within the limitations or restrictions contained in § 150.

*Counter-claim* is the opposite of *claim*. The plaintiff makes a claim in his complaint against the defendant. The defendant, besides his defence, makes a *counter-claim* against plaintiff. The claims are of cross-demands, as said by Judge HARRIS in 12 *Howard*, 310, and must, from the force of the terms, be limited to the parties to the record, aside from the restriction of § 150.

The right of set-off, when a chose in action is assigned, as it existed against the assignor at the time of the assignment or transfer, cannot therefore be set up as a counter-claim, is not embraced within its terms, is excluded by the statute. It remains a subsisting right, and must be set up as a *defence*.

The right to offset the $15, set up in the answer, is so far a *defence* in this suit, and this motion must be denied.