By the Court,
Monell, J.
The provision in the contract with Leaycraft, that an accepted order on any of the regular inspection yards should constitute a delivery, rendered a tender of the pork unnecessary, and therefore the plaintiffs’ order upon Amelung & Co., accepted by them, was a literal and sufficient compliance with the contract.
The agreement was to deliver at a future day. On the day of the tender the plaintiffs had the pork ready for delivery.
The objection that at the time of making the contract the vendor was not the owner nor in possession of the merchandise, and that it was a mere wager, does not seem to me to have any force. Indeed there was no evidence to support the objection. The plaintiffs were not required to furnish any proof on that subject, (Dykers v. Townsend, 24 N. Y. Rep. 57,) and the defendants did not prove any thing. But, besides, a contract in May to deliver in July a quantity of mess pork was not invalidated on the mere ground that the seller was not in possession of the goods at the time of making the contract. Such a contract was not within the meaning of the statute, (1 R. S. 662,) nor was it at common law as being against public policy. (Lansing v. Lansing, 8 John. 454.) Hot being opposed by such considerations, it was valid and could be enforced. (Story Contracts, §566 Chitty on Cont. p. 433. Burns v. Riker, 4 John. 426.)
The defense set up by way of counter-claim was properly excluded. It did not arise oút of the contract or transaction stated in the complaint, nor was it connected with the subject of the action. It arose upon another and wholly independent *425 contract made with Leaycraft, the plaintiffs’ assignor. The Code does not allow breaches of contracts with other parties, to be set up as a defense by way of counter-claim. The statute of sets-off is retained for that purpose, and a claim against the assignor, if within the limit of that statute, may be allowed as a set-off. But in this case the subject of the counter-claim is not within the statute of set-off. (2 R. S. 362.)
The defendants may have a cause of action against Leaycraft for damages for non-fulfillment of the contract with Perdue & Ward ; but they have no claim against the plaintiffs arising thereupon. They did not take the contract from Leaycraft burthened with any equities or defenses of that character ; and, therefore, such equities or defenses are not available as a defense to the plaintiffs’ action.
The cases are numerous and uniform. (Dyllaye v. Niles, 4 Abb. 253. Ferreira v. Depew, Id. 131. Davidson v. Remmington, 12 How. Pr. Rep. 310. Van de Sande v. Hall, 13 id. 458. Spencer v. Babcock, 22 Barb. 327. Wolfe v. Chas. E. H., 13 How. Pr. Rep. 84. Vassear v. Livingston, 13 N. Y. Rep. 248.)
I am of opinion that none of the exceptions have been sustained, and, therefore, that the plaintiffs should have judgment upon the verdict.
Ordered accordingly.