## MERRILL and others *vs.* GREEN and others.

In December, 1867, a partnership between R. & G. was dissolved by R. selling his interest therein to G., who assumed the payment of the partnership debts, and gave a bond with N. as surety, to R., to secure such payment. At the date of said bond, the firm was indebted to the plaintiffs, in the sum of $191.75. G. then held R.'s promissory note for $184.97, on which $34 had been paid; such note being then past due. In September, 1868, G. sold said note to N. for $30, N. knowing of said bond, at the time, and that the claims secured by it were not all paid. In an action against G. & N., upon the bond, brought by the plaintiffs as assignees thereof:

*Held*, 1. That had the plaintiffs treated the bond as a promise by the defendants to R. to pay their debt, and brought the action on that promise, they might possibly have recovered the amount due, without any deduction on account of the note; but that having sued as assignees of the bond, they could only recover what was justly due thereon, after deducting all sums that were allowable against R., the assignor.

2. That G. & N. being jointly and severally liable upon the bond, in an action against them both a separate judgment might be entered against either of them; and hence the amount due on the note was a defence, *pro tanto*, in favor of N., against the plaintiffs.

3. That the note was neither a *set-off*, nor a *counter claim*, against the claim of the plaintiffs.

4. That the note was available to the defendants only as an *equitable defence* to the action upon the bond. That it was thus available on the principle that the plaintiffs took said bond subject to all the equities existing in favor of the obligors. And that equity was, to be allowed, as payment thereon, all sums justly due to them by the plaintiffs' assignor, at the time of the assignment.

5. That the note being due at the time the bond was given, the referee was right in deducting, from the amount due on the bond, the balance due on the note.

APPEAL, by the plaintiffs, from a judgment entered on the report of a referee.

The plaintiffs were partners residing in the city of New York, and Roberts & Green were partners residing and doing business as merchant tailors in Auburn, Cayuga county. The plaintiffs sold and delivered goods to Roberts & Green and advanced them money, to the amount of $390.27, for which they were indebted to the plaintiffs in October, 1867. Roberts & Green were also indebted to divers other persons in about the sum of $2,600.

The firm of Roberts & Green was dissolved on or about the 18th of December, 1867, by Roberts selling his interest in the partnership effects to Green, and Green assuming the payment of the partnership debts. It was a condition of the sale to Green that he should give to Roberts a bond with a surety, conditioned for the payment of said indebtedness. A bond was executed by said Green and the defendant Nichols to Roberts, bearing date the 18th of December, 1867, in the penal sum of $2,600, with the condition that if Green should pay or cause to be paid said indebtedness of the firm of Roberts & Green due and owing at the date of said bond, without fraud or delay, then said obligation to be void, otherwise to remain in full force. At the date of the bond, there was due the plaintiffs from said firm the sum of $191.75. On the 19th of March, 1867, Roberts gave to Green his promissory note for $184.97, payable one month after date, to the order of said Green, with use. There was paid on this note on the 19th of December, 1867, and while Green held it, the sum of $34.

In June, 1868, the defendant Nichols was liable as surety for Green, on the bond above mentioned, in about

$300, and was also liable as his accommodation indorser, amounting in all to about $2,800.

To secure Nichols against these liabilities, Green executed and delivered to Nichols, under his hand and seal, an instrument in the nature of a chattel mortgage, by which he conveyed to Nichols personal property of the value of $3,200. It was further provided that whatever of the property so conveyed should remain, after paying the indebtedness, should revert to said Green.

Green sold part of the property as agent for Nichols, and Nichols sold a part himself, but how much was realized from it was not proved.

On the 26th of September, 1868, Green sold to Nichols the above mentioned note for $184.97, given by Roberts to Green, for $30. Nichols knew of the bond when he bought the note, and that the claims secured by it were not all paid. He bought the note by the advice of counsel, to protect himself against anything that might come up.

The bond was assigned by Roberts to the plaintiffs, and this action was brought by them upon such bond, as assignees thereof.

The referee allowed the note as a counter claim in favor of defendants, against the plaintiffs, to the amount of $198.83, and ordered judgment in favor of the plaintiffs for the balance found due on the bond, $30.83; and from that judgment the plaintiffs appealed.

*By the Court,* MULLIN, P. J. Had the plaintiffs treated the bond as a promise by the defendants to Roberts to pay their debt, and brought the action on that promise, it is possible they could have recovered the amount due, without any deduction on account of the note. (*Lawrence* v. *Fox*, 20 *N. Y.* 268.) But, having sued as assignees of the bond, the plaintiffs can only recover whatever was justly due thereon after

deducting all sums that were allowable against the assignors.

The defendants are jointly and severally liable on the bond. In an action against both obligors, a separate judgment may be entered for or against either of them, and hence the amount due from Roberts on the note was a defence, *pro tanto*, in favor of Nichols, against the plaintiffs. (*Code*, §§ 120, 274.)

The note is neither a set-off, nor a counter claim against the claim of the plaintiffs. It is not a set-off, because it is not a demand existing against the plaintiffs, nor is it due to all the defendants jointly. (2 *Stat. at Large*, 365, § 18, *subd.* 6, 7.)

It is not a counter claim as defined by §§ 149, 150 of the Code, because it is not one existing in favor of the defendants and against the plaintiffs. (*McIlvaine* v. *Egerton*, 2 *Rob.* 422, *and cases cited.*)

The note is available to the defendants only as an equitable defence to the action on the bond, on the principle that the plaintiff took the bond subject to all the equities existing in favor of the obligors. And that equity is, to be allowed, as payment thereon, all sums justly due to them by the plaintiffs' assignor, at the time of the assignment. (*Buck* v. *Lathrop*, 22 *N. Y.* 535, 489.)

The evidence is that the note was due at the time the bond was given. It would seem to follow that the referee was right in deducting from the amount due on the bond the balance due on Roberts' note.

It is well settled that when a surety is provided by his principal with a fund, or with collateral security, for the debt for which he has become bound, the creditor is in equity entitled to have it applied to the satisfaction of his debt. (*Pratt* v. *Adams*, 7 *Paige*, 615.)

The plaintiffs would seem to have an ample remedy for the collection of their debt without recourse to the bond. But they have not seen fit to resort to it, but to an action on the bond; and so long as they stand upon that,

they must be satisfied to rest under the responsibilities of their assignor.

· The judgment must be affirmed.(*a*)

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith*, Justices.]

(*a*) Affirmed by Court of Appeals. (*See* 55 *N. Y.* 270.)