WOOLMAN, APPELLANT, v. THE CAPITAL NATIONAL BANK,
APPELLEE.

1. PRACTICE—REPLICATION.
A replication is not necessary to an answer which puts in issue the
ownership of the note sued upon, and contains new matter which
is not defensive.
2. SET-OFF.
Demands to be set off must be mutual, between the parties to the
action.

*Appeal from the County Court of Sedgwick County.*

Mr. J. B. SWEET, for appellant.

Mr. ALBERT SMITH, for appellee.

RICHMOND, P. J., delivered the opinion of the court.

This was an action upon a promissory note. On the 5th
of August, 1889, The Capital National Bank filed its com-
plaint in the county court of Sedgwick county, alleging that
H. M. Woolman did on the 19th day of June, 1888, make
and deliver to Stark & Mosher his certain promissory note
in writing.

That for a valuable consideration Stark & Mosher in-
dorsed said note, without recourse to the plaintiff.

That it is the rightful owner and holder of said note.
And that there is due the plaintiff on said note the sum of
$435, with interest at ten per cent per annum from the 19th
day of June, 1888. Prayer for judgment and verification.

To the complaint the defendant, Woolman, appellant
herein, filed two defenses, but subsequently elected, upon
direction of the court, to stand by the second defense.

By the second defense it is admitted that he executed and
delivered the note described in the complaint to one E. W.
Mosher, and further he alleges that The Capital National

Bank was not at the time of bringing this action, and never has been the owner of said note, and that it has no interest in the subject-matter in controversy, but that said Capital National Bank has conspired with the aforesaid E. W. Mosher and has brought this suit for the purpose of preventing the defendant from bringing a set-off against the said E. W. Mosher, to which this defendant is justly entitled. And that for said purpose the said Capital National Bank falsely maintains title to said note mentioned in the complaint.

No replication was filed to this defense. Thereafter the defendant moved for judgment upon the pleadings, which was denied. Subsequently a judgment was rendered in favor of plaintiff for the amount of the note, interest and costs of suit. Whether the judgment was rendered upon a verdict or finding of the court the record fails to disclose.

The sole contention of the appellant is that the court erred in not rendering judgment for defendant, because the plaintiff had failed to reply to the alleged new matter set up in the answer. We cannot concur in this view.

By the complaint it is alleged that the note was payable to Stark & Mosher, and by them indorsed without recourse for a valuable consideration to The Capital National Bank. That such a note was made and delivered by the defendant is admitted in the answer. The ownership of the note is directly put in issue by the answer, to which no replication was necessary. The new matter, to which appellant claims there should have been a reply, is the alleged conspiracy of the bank with Mosher for the purpose of preventing the defendant from bringing in a set-off against Mosher. What the character of the set-off was we are not advised, but we are certainly informed that it was an individual claim against Mosher, which the defendant sought to set up against a note made to Mosher & Stark and by Mosher & Stark, as is alleged in the complaint, transferred to The Capital National Bank.

If the action had been brought by Mosher & Stark against the defendant, Woolman, such a defense and set-off

could not have been interposed. The universal rule is that debts set off must be mutual between the parties to the record. Therefore, in an action to recover a debt due a partnership, a debt due from one copartner cannot be set off. *Gregg v. James*, 12 Amer. Dec. 151 (Breese Ill. Rep. 143). Joint debts cannot be set off against separate debts, nor separate against joint, because in such cases the parties are not the same. Ib. 153.

In *Burgwin et al. v. Babcock et al.*, 11 Ill. 28, it was held that, " A separate demand cannot be set off against a joint demand, nor can a joint debt be set off against a separate debt. The demands to be set off must be mutual between the parties to the action. See, also, *Warden & Co. v. Newdigate*, 52 Amer. Dec. 567, and cases cited (11 B. Munroe, 174). Waterman on Set-off, par. 234; *Davidson v. Remington*, 12 How. Pr. 310.

It is true there is an exception to this rule, but there is nothing in the answer which brings the defendant within the exception, and if this rule did not obtain we still think that the judgment should be affirmed.

The judgment must be affirmed.

*Affirmed.*