[No. 2116.]

CANFIELD ET AL. V. ARNETT.

**Bills and Notes—Counterclaims.**

In an action upon a joint and several promissory note, one of the makers may interpose as a counterclaim an indebtedness upon contract due him from plaintiff.

*Appeal from the County Court of Boulder County.*

Messrs. PATTERSON, RICHARDSON & HAWKINS and Mr. GUY D. DUNCAN, for appellants.

Mr. S. T. HORN, for appellee.

GUNTER, J.

Plaintiff sued upon this note:

"$355 25-100 .          . Boulder, Colo., Aug. 4, 1898. .
. "One day after date we or either promise to pay

to the order of Marg G. Arnett .Three Hundred Fifty-
five and 25-100 dollars at Boulder, Colo. Value received. Int. 10 per cent. per annum. Frank Canfield,
Nettie Canfield.''

As a counterclaim Frank Canfield set up an indebtedness, upon contract, due him from plaintiff. By
demurrer the objection was made and sustained that
plaintiff's cause of action was joint; the cause of action stated in the counterclaim several; that such several cause of action did not constitute a counterclaim
against the cause of action of plaintiff.

The ruling is assigned as error. The sufficiency of
the counterclaim is determined by section 57, Mills'
Ann. Code, reading thus: ''The counterclaim * * *
shall be one existing in favor of the defendant * * *
and against the plaintiff * * * between whom a
several judgment might be had in the action,'' being
the same as section 58, Code 1877, which was taken
from the code of California. See 438 Civil Procedure, Codes Calif. Mr. Pomeroy, interpreting this section of the California Code, said: ''When defendants
in an action are jointly and severally liable, although
sued jointly, a counterclaim consisting of a demand
in favor of one or some of them may, if otherwise
without objection, be interposed.''—Pomeroy's Code
Remedies, 3d ed., § 761. This citation approved,
*Roberts v. Donovan,* 70 Calif. 108, 114, 115.

''Defendants jointly and severally liable to satisfy plaintiff's demand may set off a demand due
from the plaintiff to one of the defendants alone.''
—Estee's Pleadings, 4th ed., vol. 2, § 3368.

Section 57, our code, is the same as section 150,
New York Code, construed in *Parsons v. Nash,* 8
Howard Pr. 454. The following from the syllabus
is expressive of the holding: ''Therefore held, in an
action upon a joint and several promissory note
against several defendants, one of them might set off

a judgment recovered upon contract in his favor against the plaintiff.''

See also *Plyer v. Parker,* 10 S. C. Reports 464; Amer. and Eng. Ency. of Law, vol. 22, p. 404.

This question has not been ruled otherwise in this state.

*Thatcher v. Rockwell,* 4 Colo. 375, held that a copartnership could not offset in an action against it a claim of one of its members against the plaintiff.

In *Ingols v. Plimpton,* 10 Colo. 538, 16 Pac. 155, a copartnership sued an individual defendant. The defendant sought to set up as a counterclaim a several debt owing him by one of the partners. Denied.

In *Thalheimer v. Crow,* 13 Colo. 397, 22 Pac. 779, plaintiff sued upon appeal bond; the principal thereon was not a party defendant; the defendant sureties sought to counterclaim a judgment in favor of the principal on the bond against the plaintiff. Denied.

In *Woolman v. Capital National Bank,* 2 Colo. App. 454, 31 Pac. 235, it was ruled that in a suit by a copartnership against the maker of a promissory note, the maker could not offset a claim which he held against one of the copartners.

The mere statement of the above cases distinguishes them from the one at bar. In each of those cases except in the Thalheimer case the effort was to offset a several claim against a joint claim. Here the effort is to set off a several claim against a plaintiff who is entitled to a several judgment upon the cause of action involved, against this defendant.

For the same reasons error was committed in sustaining the demurrer to the counterclaim of the defendant Nettie Canfield.

Judgment reversed with instructions to overrule the demurrers.

*Reversed.*