### RICHMOND INS. CO. et al. v. LITTEER.

(Circuit Court of Appeals, Eighth Circuit. August 19, 1924.)

No. 6522.

**1. Set-off and counterclaim ⟺44(1)—One of two defendants severally liable held entitled to interpose counterclaim as against objection of want of mutuality.**

In action by receiver of bank on drafts deposited with it by payee, against latter and drawer, either defendant might set up as counterclaim any claim on contract held by it at time bank became insolvent; cause of action being several, and doctrine of mutuality therefore being inapplicable.

**2. Banks and banking ⟺77(6)—Claim against bank held to arise after its insolvency, and therefore not subject of set-off.**

Where bank on which check was drawn honored and paid it in regular course of business by delivery of draft, and its receiver thereafter stopped payment on draft to enable him to distribute bank's estate equitably among creditors, claim of maker of check by reason of stopping payment of draft could not be interposed as set-off in receiver's action against maker, since maker's right had inception after insolvency of bank.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Action by Earl J. Litteer, receiver of the State National Bank of Ardmore, Okl., against the Richmond Insurance Company and another. Judgment for plaintiff, and defendants bring error. Affirmed.

Cruce & Potter, of Ardmore, Okl., for plaintiffs in error.

William B. Johnson and Hugh W. McGill, both of Ardmore, Okl., for defendant in error.

Before KENYON, Circuit Judge, and AMIDON and SCOTT, District Judges.

AMIDON, District Judge. This action was brought by Litteer, as receiver, against the Insurance Company and the Choctaw Cotton Oil Company to recover $17,375.57 on drafts issued by the local agent of the Insurance Company to the Cotton Oil Company in settlement of losses by fire. The drafts were indorsed by the payee and deposited to its credit in the State National Bank of Ardmore. Later the Oil Company drew out nearly the whole amount so credited. Notwithstanding these facts, it stopped payment on the drafts after the failure of the bank. The liability of the defendants on the drafts is not controverted.

The litigated issue involves a set-off growing out of the following facts: February 20, 1922, the Choctaw Cotton Oil Company drew a check on the State National Bank for $4,500, payable to its treasurer. This check was deposited in the First National Bank of Ada to the credit of the Oil Company and forwarded to other banks in the due course of collection. It was presented by the Federal Reserve Bank of Oklahoma City to the State National Gank of Ardmore on February 24, and was charged to the account of the Cotton Oil Company. In settlement for this item and several others, the State National Bank of Ardmore executed exchange on the Southwest National Bank of Oklahoma, and forwarded the same to the Federal Reserve Bank. The State National Bank of Ardmore passed into the hands of the national bank examiner as temporary receiver on the morning of February 25th, and he immediately stopped payment on the drafts issued by the bank that were outstanding. By reason of this action of the receiver, the Federal Reserve Bank failed to get payment on the draft which it had accepted for the $4,500 check. In consequence of this failure the check was charged back along the line of concerns through which it had passed, until finally it reached the First National Bank of Ada, by whom it was charged to the Cotton

Oil Company. That company now seeks to offset its claim arising out of the foregoing facts against the claim sued upon by the receiver. The trial court refused to allow the set-off, and that presents the only question for review.

[1] Plaintiff's cause of action against the defendants is several. Under the code practice, either defendant might set up as a counterclaim against plaintiff's cause of action any claim on contract held by it at the time the bank became insolvent. As the claim sued upon is several, the doctrine of mutuality would not defeat the right of such a set-off. Canfield v. Arnett, 17 Colo. App. 426, 68 Pac. 784; Roberts v. Donovan, 70 Cal. 108, 9 Pac. 180, 11 Pac. 599; Whitney v. Visscher, 189 Cal. 450, 209 Pac. 23; Pomeroy's Code Remedies (3d Ed.) § 761.

[2] Plaintiffs in error contend that, because payment on the draft was stopped, the account of the Oil Company in the State National Bank should be treated as if its check had never been drawn or charged to its account. The trial court properly refused to accept that theory of the case. When the check was presented to the bank, it was honored and paid in the regular course of banking business. The Federal Reserve Bank, which presented the check, accepted the draft of the bank in payment. See Fed. Reserve Bk. v. Malloy, 264 U. S. 160, 44 Sup. Ct. 296, 68 L. Ed. 617. The draft was not dishonored by the bank, but was stopped by the receiver for the purpose of enabling him to distribute the estate of the bank equitably among its creditors as that estate stood at the instant of insolvency. Plaintiff's claim by reason of the stopping of payment of the draft arose at the time the check was charged back to it by the First National Bank of Ada. Certainly its right did not antedate the stopping of the payment of the draft by the receiver. Whichever time is accepted, plaintiff's right had its inception after the insolvency of the bank. This fact defeats the right of set-off under the decisions of the Supreme Court in Yardley v. Philler, 167 U. S. 344, 17 Sup. Ct. 835, 42 L. Ed. 192, and Scott v. Armstrong, 146 U. S. 499, 13 Sup. Ct. 148, 36 L. Ed. 1059. The Supreme Court states the rule in the Yardley Case at page 360 of 167 U. S. (17 Sup. Ct. 840) as follows:

"But obviously the right to set-off, as recognized in Scott v. Armstrong, 146 U. S. 499, is to be governed by the state of things existing at the moment of insolvency, and not by conditions thereafter created."

The claim which was denied the right of set-off in the Yardley Case accrued on the day the bank closed.

For the foregoing reasons the decision of the trial court must be affirmed; and it is so ordered.