INGOLS V. PLIMPTON ET AL.

1. Under the act of February 10, 1883, superior courts in cities or incorporated towns have jurisdiction of appeals from justices of the peace in civil actions.
2. There can be no set-off when the claims are not mutual. A joint demand cannot be set off against a separate demand.

3. An instruction which leaves an issue to the belief of the jury, instead of requiring the jury to determine the issue upon the evidence, is erroneous.

4. In an action for rent defendants set up a counter-claim for goods sold plaintiff's son, claiming that plaintiff and her son were partners, and that they had agreed to credit the amount of the bill on the rent; the partnership and agreement were denied. The jury were instructed to allow the claim if they believed the partnership existed. *Held* error, since the individual debt could not be set off against the firm liability without plaintiff's consent, which latter was thus withdrawn from the consideration of the jury.

### Error to Superior Court of Denver.

FRANCIS E. INGOLS, plaintiff, sued George E. Plimpton *et al.*, defendants, for rent. Judgment for defendants and plaintiff appealed.

Mr. E. MILES, for plaintiff in error.

No appearance for defendants in error.

BECK, C. J.   Francis E. Ingols, plaintiff in error, sued the defendants in error before a justice of the peace residing in the city of Denver, to recover the sum of $40, alleged to be due and owing her for one month's rent of a house. On the 10th of March, 1883, she recovered a judgment for the amount demanded, whereupon defendants appealed to the superior court of the city of Denver. Plaintiff's counsel moved to dismiss the appeal on the ground that the superior court did not have jurisdiction to entertain or try appeals from justices of the peace in civil actions. The motion was overruled by the court, and case tried to a jury, who rendered a verdict for the defendants.

The ruling of the court on the motion to dismiss said appeal is made the basis of the first four assignments of error. This raises the question whether the act of the legislature, providing for the organization of superior courts, approved February 10, 1883, gives to these courts jurisdiction of appeals from justices of the peace in civil

actions. Section 17 of the act is as follows: "Appeals from any final decision of a justice of the peace in a city or incorporated town where a superior court is held, or from the decision of any police magistrate of such city or town, in any case involving the violation of a city ordinance, may be allowed to the superior court of such city or incorporated town, and may be taken in the same manner as appeals from justices of the peace in other cases." The counsel for plaintiff in error lays down the proposition that the foregoing section invests the superior courts with jurisdiction of appeals from justices of the peace and police magistrates only in cases involving violation of city or town ordinances. We are of opinion that the phraseology and structure of the section will not admit of this interpretation. Two classes of appeals are clearly provided for, — one, "from any final decision of a justice of the peace in a city or incorporated town where a superior court is held;" the other, "from the decision of any police magistrate of such city or town in any case involving the violation of a city ordinance." The only qualification of the language employed is found in that clause of the act which limits the jurisdiction of the superior courts to civil actions.

But counsel argues that superior courts are constructed, by sections 1 and 3 of the act, courts of the same class and grade as the district courts, and that, since the latter courts are not vested with jurisdiction of appeals from justices of the peace in civil actions, it would render the act unconstitutional to hold that the former are vested with such jurisdiction. Two constitutional objections are specified: *First*, that the constitutional provision requiring the jurisdiction and practice of courts of the same class and grade to be uniform would be violated; *second*, this construction would give advantageous remedies to citizens of cities and incorporated towns not given to other citizens of the state. The first objection is answered by the case of *Darrow v. People*, 8 Colo. 417,

wherein it is decided that the district and superior courts are not courts of the same class or grade. As to the second objection, we observe that cities and incorporated towns enjoy many advantages of the character referred to, which are not given to other citizens of the state; and we are not advised that any clause of the constitution is violated thereby. The creation of superior courts for such cities and towns is an example, and this example exposes the fallacy of the latter objection.

Referring now to the errors alleged in the proceedings of the trial in the superior court, and the exceptions taken, it is apparent that the judgment must be reversed for the error of the court in its second instruction. The real controversy was over a counter-claim presented by defendants in error of $33, for a bill of merchandise purchased from defendant George E. Plimpton by one Rollins, son of the plaintiff in error. Defendants introduced testimony tending to prove that plaintiff and her son were partners in business, and that these goods were purchased for their joint use and benefit; that both the plaintiff and her said son had thus represented their business relations to the defendants, and promised them that this bill would be allowed upon the plaintiff's account for rent. The plaintiff denied the partnership relation with her son, or that any such representations or promises had been made, and the testimony was conflicting as to all these matters. The second instruction is as follows: "If you believe in this case that Mrs. Ingols was the proprietor of that establishment, with her son, of course you will find for these defendants to the extent of that claim; because, if she was the proprietor in fact, I think it will be proper to allow the amount, inasmuch as the bill was tendered receipted, and, as the proof shows, the amount of the balance was tendered in money." By this instruction the allowance of the counter-claim is made to depend on the belief of the jury that the plaintiff and her son were joint proprietors of the business for

which the goods were purchased from defendant George E. Plimpton. It tells the jury to allow the counter-claim if they believe such partnership relationship existed, making this single fact the test whether the claim should be allowed or rejected. The facts that the bill for the goods was tendered by the defendants to the plaintiff receipted, and the balance of the rent account tendered in money, do not aid the legal proposition. The instruction is radically erroneous in not making it an additional requisite to the allowance of the defendant's claim that the plaintiff should have promised to apply it on the rent account. The plaintiff appears to have been the sole owner of the house leased to the defendant or defendants, as the case may be. The contract of lease was with the plaintiff alone, her son having no interest therein. The mere fact, therefore, that the firm of which she was a member purchased goods from the defendants, would not alone constitute the amount due therefor a legal set-off to the plaintiff's cause of action for rent due upon the lease contract. There can be no set-off where the claims are not mutual. A joint demand cannot be set off against a separate demand, as has been frequently decided. This instruction, standing alone, is likewise faulty in leaving the issue as to the partnership to the belief of the jury, instead of requiring the jury to determine it upon the evidence. *Saloman v. Webster,* 4 Colo. 353, 363; *Miller v. Balthasser,* 78 Ill. 302; *Railway Co. v. Ingraham,* 77 Ill. 309.

It is unnecessary to consider the remaining assignments. For the error in the instruction concerning the counter-claim, the judgment is reversed and cause remanded for a new trial.

ELBERT, J. (*concurring*). I concur, but my conclusion is in nowise based upon the proposition that the second instruction, "standing alone, is faulty in leaving the issue as to the partnership to the belief of the jury, in-

stead of requiring the jury to determine it upon the evidence." (1) The instruction does not "stand alone," and the point decided is not in the case. (2) If it is intended to say that the instruction, by reason of the omission of the formal words "from the evidence," is *substantially* faulty, and without more, in a civil cause, affords good ground for reversal, I do not agree to it.

*Reversed.*