## Rogers et al. v. McMillen, Adm'r.

1. Set-off—Counterclaim.
A separate demand cannot be set off against a partnership demand.
2. Witnesses—Competency.
With certain exceptions, stated in the statute, no party to a civil action or person directly interested in the event thereof is competent to testify therein of his own motion, or in his own behalf, when the adverse party sues or defends as the administrator of a deceased person.

3. PRACTICE—PARTIES.

Where several parties are joined as defendants as copartners, it is too late to object after judgment that one of them had been dead a number of years when the suit was brought, especially where the surviving partners, through their attorney, have had his appearance entered.

*Appeal from the District Court of Lake County.*

APPELLEE, the administrator of the estate of Wm. J. A. Howie, brought suit to recover from appellants the sum of $1,224.88, alleged to have been due Howie at the time of his death.

Appellants were mining the Continental Chief Mine. Howie was engaged with teams in hauling coal to the mine, and ore from it. He died on the 14th day of October, 1892. At the time of his death it is alleged that there was due and owing to him for such services for the month of September and the fourteen days of October the amount for which the suit was brought.

Previous to September 1st, settlements had been had, and all accounts adjusted. The complaint was in the ordinary form. The defendants, in answer, admitted the death of Howie, the appointment of appellee as administrator, and that they, the defendants, were doing business 'under the name of Continental Chief Mine;—denied generally the other allegations of the complaint. A jury was waived and a trial had to the court.

At the commencement of the trial, it appears to have been admitted in open court "that if Howie, or his administrator, are entitled to recover against the defendants any amount, that amount will be $1,217."

The trial resulted in a judgment for the plaintiff for $1,214.43, from which an appeal was prosecuted to this court.

Mr. A. J. STERLING, for appellants.

Mr. GEO. S. PHELPS and Mr. N. ROLLINS, for appellee.

REED, J., delivered the opinion of the court.

We cannot understand what, if any, influence or effect the stipulation in open court, that the amount of the recovery should be $1,217, if anything, had upon the trial of the case. Such a stipulation would naturally be construed as fixing the amount, in case the legal question or questions presented should be determined in favor of the plaintiff, leaving only legal questions to be determined upon the trial; but it does not seem to have been so regarded by court or counsel, and we are confronted with many pages of evidence and elaborate columns of figures, for apparently no purpose except to establish the concession made as to the amount in the first instance. The result reached having only varied from the amount conceded $2.57, it may be regarded as establishing the amount of damage. The small difference having been found for defendants, they cannot complain that the judgment is excessive.

Although the trial was very lengthy, and contested with great zeal and energy, only one question seems to be involved, which may be briefly stated: Whether Michael, one of the defendant's partners, doing business under the firm name of the Continental Chief Mine, could set off a note of Howie, payable to him individually, against the amount due Howie from the partnership? The court properly found it could not be done, and gave a judgment for the amount admitted to be due. Numerous errors are assigned, but aside from the general one that the finding was against the evidence, they were principally to the refusal of the court to admit evidence to establish the note as a set-off. The contention was that Howie borrowed money from Michael, for which he gave his note; that it was for money borrowed to purchase teams; and that the work done was done for him individually in payment of the note, and he was to collect from the company. This claim was negatived—*first*, by the books of Howie, where it was charged to the company; *second*, by the books of the company, where it was put to the credit of Howie; *third*, by

previous transactions, where, during the existence of the note, monthly payments had been made by the company to Howie direct, for large amounts, while only two or three payments, amounting in all to $300, had been paid by Howie to Michael, and indorsed upon the note.

The note bore date January 10, 1890; was for $1,500, payable six months after date; indorsed May 12, 1891, with payment of $100; September 28, 1892, $200. Howie died October 14, 1892. It will be observed that the payment of $200 was made September 28, 1892. The bills for the month of September, as taken from the books, were $889.66, due two days after the payment of $200 made by Howie to Michael, and from another source. Howie was then living, and the sum due from the company on October 1, $889.66, was not indorsed nor passed to the credit of Michael. The bills for the month of October, until Howie's death, on the 14th, amounted to $214.77. On November 11th, nearly a month after Howie's death, Michael indorsed upon the note $1,217.35. due from the company to Howie, being the balance due upon the note.

These facts, though not conclusive, were very strong circumstances tending to show that Michael's contention was an afterthought.

The refusal of the court to allow the note from Howie to Michael to go in evidence is urged as error. This may be very briefly disposed of. Unless the alleged agreement contended for by Michael was clearly established beyond controversy, it was inadmissible for any purpose. It was not made to, nor the property of, the Mining Company. The consideration for the note did not go from the company, but from the individual. The contract sought to be set up contradicted the note. The latter was to pay money to the individual; the former to haul for the company to pay the note to the individual. The contract contended for could only have been a new one,—a novation,—in which all three parties must have participated and agreed. It is claimed that Michael was the manager of the company, in charge of its affairs;

consequently that the transaction was in effect with the company. If he was the manager, and in charge, and the money was to be refunded as stated, certainly, unless there was good reasons for taking out and making it an individual transaction, it would have been made a company transaction in the first instance. In a suit by an administrator, or any other plaintiff, against a partnership, the individual claim of one partner cannot be set off against partnership indebtedness.

The attempt to establish the contract rested entirely upon the evidence of Michael, and was inadmissible, under section 3641, Gen. Stats., which follows:

"That no party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein, of his own motion, or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends as the trustee or conservator of an idiot, lunatic or distracted person, or as the executor or administrator, heir, legatee or devisee of any deceased person." * * *

It is not taken out of the operation of the section by any of the exceptions of the section. Authorities in support of this proposition are unnecessary; the decisions are uniform in this state and in the state of Illinois, where the statute is the same. This also disposes of the supposed errors assigned as numbers 9 and 15. In each the defendant Michael was incompetent to testify in regard to the matters asked.

The only other assignment of error that need be discussed is the fourth. On the 25th of February, 1893, the court found for the plaintiff, and the judgment was entered, and appeal prayed and allowed. With this entry and the signing and sealing by the judge the bill of exceptions ends. Subsequently there follows an anomalous proceeding. On the 8th day of March following, the following affidavit was made and handed to the clerk:

"Personally came before me, the undersigned notary public, within and for the county of Arapahoe, and state of Colorado, Tony P. Michael, who, being by me first duly sworn

according to law, upon oath deposes and says that he is one of the defendants in the above entitled action; that Frank Deihm is another of the defendants therein, against whom judgment has, as he is informed and believes, been rendered; that on or about the 17th day of March, A. D. 1887, on board of a Union Pacific passenger train, near Point of Rocks, in the county of Sweetwater, Wyoming, the same Frank Deihm, who is a defendant in the above entitled action, as aforesaid, departed this life, dying, as he is informed and believes, suddenly from some malady resulting from an excessive use of intoxicating drinks; that, as affiant is informed and believes, no administrator or executor was ever appointed for the administration and settlement of the estate of the said Frank Deihm, deceased; and that, as he is informed and believes, some relatives of his reside in the city of Cincinnati, in the state of Ohio, but what particular relation they bear to him affiant is not advised, and neither does he know of any relative of his residing in the state of Colorado.

"Tony P. Michael."

On March 9th, the following was handed to the clerk and by him filed:

"The defendants, except Frank Deihm, come and move the court herein to open up and set aside the judgment and order made in this case for the reason following, to-wit: At the date of making the orders and rendering the judgment the defendant Frank Deihm was deceased, had departed this life long prior thereto; second, for reasons set forth in affidavit herewith filed.

"A. J. Sterling,
"Attorney for Defendants."

Then follows: "There being no other or further evidence or testimony offered or introduced by either plaintiff or defendants in support of or against said motion, but this being all and the only testimony or evidence introduced or produced by either party hereto, the motion was submitted to the

court on the same, and the court thereupon denied the same, to which ruling of the court the defendants excepted."

This is made a second bill of exceptions. The sheriff's return shows that he served Mater, Menser and Tony P. Michael. Rogers, Griffiths, Deihm and H. W. Michaels *not found*.

On February 7th all the defendants named in the complaint appeared and made answer, by A. J. Sterling, their attorney. How many were dead and how many living at that time we have no means of knowing, but a month later the affidavit of Michael is filed, and the motion of Sterling, the attorney, attempting to show that Deihm had been dead about six years when his appearance was entered by his attorney. The court very properly denied the motion. If his death was a fact, it should have properly appeared at the time the answer was made. Counsel cannot enter the appearance of a dead client, and impose upon court and plaintiff until after judgment, and then avail themselves of the fact of death to set aside the entire judgment.

Again, the affidavit of Michael was too vague and uncertain to establish the death or any fact whatever. Although six years had expired, no action had been taken, no administration of his estate had, and it seems no action had been taken by his partners, and that he still remained a partner.

A person who can remain a partner for that length of time after death should make an equally good defendant in connection with his copartners, especially where such copartners, through their attorney, enter his appearance as living.

No error sufficiently serious to warrant a reversal appears in the record. Several good reasons could be given why the defense of Michael should not have prevailed. If such contract existed, he had ample time and opportunity to enforce it against Howie while living. It is not shown whether the estate of Howie was solvent or insolvent; if the latter, he should not take advantage of the circumstances to collect his debt in full at the expense of others. The sum involved

may have been the only available fund to supply the wants of a widow and children.   Whether such was the fact or not, the claim should have been paid to the administrator, and the claim of Michael taken its place with others, unless a clearly established exception was shown to take it out of the ordinary course.   The judgment of the district court will be affirmed.

*Affirmed.*