No. 20519.

OTOMARS RUNIKS, ET AL., D/B/A PETERSON CLEANERS
AND SHIRT LAUNDRY, *v.* NORMAN J. PETERSON.
(392 P.2d 590)

Decided May 25, 1964.

Mr. HARRY L. ARKIN, for plaintiffs in error.

Mr. FRED J. PFERDESTELLER, Mr. FRED W. VONDY, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

THE parties to this writ of error appear in the same order as in the trial court. We shall refer to them as plaintiffs and defendant, or by name.

In November 1961, defendant sold a certain business, together with the good will thereof, to plaintiffs and executed a non-competitive agreement whereby defendant agreed that he would not for a period of five years engage "in any way in any new or expanded business of operating a cleaning or laundry plant, store, pickup station or automatic and/or coin operated machine store or business within Wheatridge or within a radius of 3 miles thereof." In the trial court, plaintiffs sought an injunction against defendant for an alleged breach of this agreement and for damages as a result thereof.

After appropriate proceedings, the trial court enjoined the defendant from participating in any manner or in any way in the business or operation of any cleaning or laundry plant, store, pickup station or automatic and/or coin operated machine store or business within the territory specified in the contract. It was further found by the court that "as a matter of fact and law there is insufficient evidence presented to justify plaintiffs' demand for damages and the same, based upon the evidence presented, was too speculative for the court to make a finding on the question of damages." From the refusal of the trial court to award damages the plaintiffs bring writ of error here.

Plaintiffs contend that uncertainty in the amount of damages is not an obstacle in the way of their allowance. With that position we agree. But before damages can be awarded to a claimant he must establish that the damages he seeks are traceable to and are the direct result of the wrong sought to be redressed. See *Hyman & Company v. Velsicol Corp.*, 123 Colo. 563, 233 P.2d 977, and *Donahue v. Pikes Peak Automobile Co.*,

150 Colo. 281, 372 P.2d 443, where we reviewed the cases pertinent to the issue here.

In the instant case the only competent evidence presented to prove damage to the plaintiff was the testimony that during the first six months of 1962 the plaintiffs did approximately 10% less gross business in the store in question than did the defendant in the comparable period in 1961. The trial court found that this evidence was insufficient to establish damages which were traceable to and the direct result of any breach by the defendant of the non-competitive agreement. Upon the record here, we cannot conclude that the trial court erred in this finding as a matter of law.

Plaintiffs obtained the injunction which they sought, and under the record as made failed to prove what caused their alleged loss, hence we conclude that the judgment of the trial court should be and it is affirmed.

MR. JUSTICE DAY and MR. JUSTICE HALL concur.