Thomas F. **HUSBAND,** Plaintiff–
**Appellant and Cross–
Appellee,**

v.

**COLORADO MOUNTAIN CELLARS, INC., a Colorado corporation,** Defendant–Appellee and Cross–Appellant.

**Nos. 92CA0096, 92CA0573.**

Colorado Court of Appeals,
Div. III.

June 17, 1993.[*]

As Modified on Denial of Rehearing
Sept. 30, 1993.

Certiorari Denied Jan. 31, 1994.

[*] Prior Opinion announced April 8, 1993 was Withdrawn. Petition for Rehearing Granted.

Nelson, Hoskin & Farina, P.C., David A. Younger, John T. Howe, Grand Junction, for plaintiff-appellant and cross-appellee.

Law Office of Gary C. Flynn, Gary C. Flynn, Boulder, for defendant-appellee and cross-appellant.

Opinion by Judge CRISWELL.

Plaintiff, Thomas F. Husband, appeals from the judgment entered on a jury verdict in favor of defendant, Colorado Mountain Cellars, Inc., on its counterclaim for breach of contract in the amount of $160,500, and defendant cross-appeals from the deficiency judgment on promissory notes in the amount of $153,000, including costs and attorney fees, entered in favor of plaintiff. We affirm the judgments, but remand for further proceedings.

Soon after defendant was incorporated, plaintiff loaned it $35,500 to purchase the winery equipment and inventory of a defunct winery. Plaintiff also entered into an oral contract with defendant to provide $100,000 in additional capital for defendant to launch a winery business. Defendant's president testified that plaintiff was to receive in return one-third of defendant's capital stock. However, this stock was never issued because plaintiff did not provide these additional funds.

Plaintiff's $35,500 loan was evidenced by two promissory notes, each secured by a security agreement upon all of defendant's inventory and equipment. When defendant failed to pay the notes on their due dates, plaintiff foreclosed on the secured property which was sold at public auction. A corporation which plaintiff controlled bought that property for $15,000, leaving a principal balance of $20,500 still owing on the two notes. Plaintiff then brought this action to recover that deficiency, and defendant counterclaimed for breach of the contract to provide additional funds.

## I.

Plaintiff contends that the evidence of plaintiff's alleged breach of contract was insufficient to support the jury's finding of liability or its award of damages. We disagree.

### A.

Plaintiff asserts that defendant did not present sufficient evidence at trial to establish that it was plaintiff's breach of the oral contract to provide $100,000 in capital that was the cause of defendant's inability to repay the $35,500 note held by plaintiff. Hence, he argues that there was no proof that it was plaintiff's breach that caused defendant to lose its assets in the foreclosure proceedings.

■ The party seeking recovery for a breach of contract has the burden of presenting competent evidence that furnishes a reasonable basis for assessing damages in accordance with the applicable measure of damages. *See Colorado National Bank v. Friedman*, 846 P.2d 159 (Colo.1993).

Applying this rule to a claim for breach of a business agreement, our supreme court has said that: "[A] claimant must establish that the damages he seeks are traceable to and

are the direct result of the wrong sought to be redressed." *Runiks v. Peterson,* 155 Colo. 44, 45, 392 P.2d 590, 591 (1964).

■ To show that plaintiff's failure to provide the promised $100,000 was the cause of defendant's loss, defendant was required to present evidence at trial that plaintiff's promised funds were necessary to avoid foreclosure because defendant could not have obtained the $35,500 necessary to pay the note and avoid foreclosure from any source other than plaintiff.

To this purpose, defendant presented evidence that, after plaintiff informed defendant that he would not provide the promised $100,000, defendant made continuing efforts to secure alternative funding from banks and other private investors, but that its efforts were fruitless because of the risky nature of the business venture and defendant's lack of credit. Defendant also presented evidence that the funds that plaintiff did not provide would have permitted it either to commence its business operations or to prepare its existing assets for sale for more than the $35,-500 due on the notes and thereby avoid foreclosure. Without this preparation, defendant's assets were not marketable.

This evidence was sufficient to allow the jury to conclude that, but for plaintiff's breach of contract, defendant would not have lost its property through foreclosure. Hence, we need not consider whether defendant's evidence was also sufficient to show that the promised funds would have allowed defendant to operate the business successfully.

### B.

We also reject plaintiff's contention that the amount of the damages awarded by the jury is not supported by the evidence presented at trial.

■ If there is evidence to support a jury's findings as to damages, those findings may not be overturned by an appellate court. *Tighe v. Kenyon,* 681 P.2d 547 (Colo.App. 1984). Thus, if the damages awarded defendant can be supported under any legitimate measure for damages, we may not overturn that award.

■ Normally, damages for breach of a contract to lend money are measured by the cost of obtaining the use of the money during the agreed period of credit, less interest at the rate provided in the contract, plus compensation for other avoidable harm that the defendant had reason to foresee when the contract was made. *See BA Mortgage Co. v. Unisal Development, Inc.,* 469 F.Supp. 1258 (D.Colo.1979); Restatement of Contracts § 343 (1932).

■ However, this rule is merely a specific application of the general rule that the measure of damages for breach of contract is that sum which places the nondefaulting party in the position that party would have enjoyed had the breach not occurred. *See Smith v. Hoyer,* 697 P.2d 761 (Colo.App. 1984).

Thus, if a party breaches a contract by withholding promised funds and the non-breaching party is unable, after reasonable efforts, to obtain replacement funds from any other source, the special damages recoverable are not limited by this general rule:

> On a breach of contract to loan money where special circumstances were known to both parties from which it must have been apparent that special damages would be suffered from a failure to fulfill the obligation, such special damages as may appear to have been reasonably contemplated by the parties are recoverable.

*Price v. Van Lint,* 46 N.M. 58, 68, 120 P.2d 611, 617 (1941). *See also Native Alaskan Reclamation & Pest Control, Inc. v. United Bank Alaska,* 685 P.2d 1211 (Alaska 1984) (inability of corporation to obtain replacement financing and resulting loss of project were basis for recovering special damages if foreseeable at time of contracting). *See also International Technical Instruments, Inc. v. Engineering Measurements Co.,* 678 P.2d 558 (Colo.App.1983) (recovery of consequential damages is determined by the test of foreseeability of the consequences of breach of contract).

■ In addition to the evidence that defendant would have been able to avoid foreclosure and continue in possession of its as-

sets had plaintiff provided the promised funds, defendant also presented evidence from which a reasonable person could find that it was impossible for defendant to obtain the promised funds elsewhere.

Further, plaintiff did not contend that it was unforeseeable that his failure to provide the promised funds to defendant would result in foreclosure. In addition, it was plaintiff himself who foreclosed on defendant's assets when defendant was unable to repay the note.

Finally, the amount of damages awarded is consistent with the estimates of the increased value that defendant's assets would have had if plaintiff had provided the funds, as promised, the assets could have been prepared for sale, and the loss of these assets through foreclosure sale would not have resulted.

Under this record, therefore, the jurors had a reasonable basis for assessing the amount of damages contained in their verdict.

## II.

Plaintiff next contends that the trial court erred in entering two separate judgments for the parties in this case rather than setting off the judgments and entering a single net judgment. Defendant argues, however, that we have no jurisdiction to pass upon the merits of this assertion. We conclude that we do not lack such jurisdiction, and we agree that a single net judgment should be entered.

Plaintiff filed a timely C.R.C.P. 59 motion directed to the trial court's September 20, 1991, judgment, but this motion did not request setoff. Later, the trial court on its own motion entered an amended judgment, correcting certain mathematical computations. Plaintiff then filed a motion requesting setoff under the court's equitable powers, Rule 60(b), and bankruptcy law. The court never ruled on this motion. Plaintiff then filed a second C.R.C.P. 59 motion requesting setoff.

In denying this second Rule 59 motion, the trial court concluded that it had erred in failing to set-off one judgment against the other, but it also concluded that, under *Moli-tor v. Anderson*, 795 P.2d 266 (Colo.1990), it no longer had jurisdiction to rule on the motion because plaintiff had already filed his notice of appeal. Plaintiff thereafter filed a second notice of appeal contesting this ruling.

■ Relying on *In re Marriage of Everhart*, 636 P.2d 1321 (Colo.App.1981), defendant argues that our court does not now have subject matter jurisdiction to rule on the issue of set-off because plaintiff was not entitled to file a second C.R.C.P. 59 motion. Hence, because plaintiff did not file his second notice of appeal until after this second motion was disposed of, which was more than 45 days after the entry of the amended judgment, it asserts that that notice was untimely. We conclude, however, that the issue of set-off is properly before us.

Defendant does not argue that plaintiff's first notice of appeal, filed after the entry of the trial court's amended judgment, was untimely. And, the propriety of the form of the judgment was raised in the trial court before that notice of appeal was filed, and we may address it under plaintiff's first notice of appeal irrespective of the timeliness of plaintiff's second C.R.C.P. 59 motion or his second notice of appeal.

■ If a judgment is entered in favor of each of the opposing parties, it is generally proper to enter a single judgment for the net difference between those judgments. *York Plumbing & Heating Co. v. Groussman Investment Co.*, 166 Colo. 382, 443 P.2d 986 (1968); *First National Bank v. Theos*, 794 P.2d 1055 (Colo.App.1990). This is so because the entering of two separate money judgments in a case, such as this, in which one party is free to collect its full judgment, while the other party's collection efforts may be handicapped or prevented by the insolvency or bankruptcy of the first party, would result in intrinsic inequity. Accordingly, we shall remand this cause to the trial court with directions to set-off the amounts of the two judgments and to enter a single net judgment.

## III.

In its cross-appeal, defendant first contends that, inasmuch as it was the prevailing

party, the trial court erred in denying its bill of costs filed pursuant to C.R.C.P. 54(d). We find no merit in this contention.

■ C.R.C.P. 54(d) provides that: "Except when express provision therefor is made either in a statute of this state or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Hence, if each party prevails in part, an award of costs is committed to the sole discretion of the trial court. *W.H. Wooley & Co. v. Bear Creek Manors*, 735 P.2d 910 (Colo.App.1986); §§ 13–16–108 and 13–16–109, C.R.S. (1987 Repl.Vol 6A).

Defendant argues, however, that, because its judgment was larger than the judgment awarded to plaintiff, it must be the "prevailing party." We conclude that such circumstance does not affect a trial court's discretion in awarding costs. Further, there was no abuse of discretion here.

### IV.

Defendant also contends that the court erred in awarding attorney fees to plaintiff, as provided in the promissory notes, because plaintiff failed to present any evidence of their reasonableness. In addition, it is claimed that a substantial portion of the fees awarded were incurred by plaintiff in defending against defendant's counterclaim and not in prosecuting his claims upon the notes. We reject both contentions.

■ The attorney fees were awarded here by the jury as a part of its verdict, rather than being reserved and determined by the court in post-trial proceedings. No party has raised any objection to this procedure either in the trial court or before us.

The evidence relating to the incurring and the reasonableness of such fees consisted only of the testimony of plaintiff, who expressed the opinion that the fees were reasonable. Plaintiff, however, is himself an attorney and has used the services of other attorneys on a number of occasions.

Given these circumstances, we agree with the trial court that his testimony constituted legally sufficient evidence of the reasonableness of the fees incurred. *See P & M Vend-ing Co. v. Half Shell of Boston, Inc.*, 41 Colo.App. 78, 579 P.2d 93 (1978) (unrebutted testimony of attorney was sufficient to support finding of reasonableness of fees awarded).

■ Further, if, as here, fees are incurred in defending against counterclaims that are grounded upon the same transaction out of which the principal debt arose and are asserted to defeat that debt, in whole or in part, it is not improper to consider these fees as a part of the costs of collection of that debt. *See Universal Drilling Co. v. Camay Drilling Co.*, 737 F.2d 869 (10th Cir.1984); *Taylor v. Continental Supply Co.*, 16 F.2d 578 (8th Cir.1926). This is so because, otherwise, a debtor might defeat the underlying purpose of the provision for attorney fees in a note by asserting counterclaims in defense of an action on the principal debt.

This conclusion is not inconsistent with the opinion in *Koontz v. Rosener*, 787 P.2d 192 (Colo.App.1989). There, in defending against an action by former employees for unpaid wages under § 8–4–114, C.R.S. (1986 Repl. Vol. 3B), which provides for an award of attorney fees to the "winning party," the employer asserted several counterclaims. He successfully defended the action and was awarded a judgment on his counterclaims. The court, however, awarded the attorney fees incurred by him in defending against the former employees' wage claims and refused to award those fees incurred in prosecuting the counterclaims.

The factual circumstances in *Koontz* were, therefore, the *opposite* of those presented here. The circumstances in *Koontz* would have been similar to the circumstances here only if the *employees* in that case had successfully prevailed both on their wage claims and in their defense against the employer's counterclaims. Hence, the issue considered here was not even presented by *Koontz.*

Further, while the parties agreed to have the jury, rather than the court, decide the issue of attorney fees, no special instruction on the award of such fees was given by the court, nor did either party tender any such instruction. In addition, the jury returned a general verdict in a single lump sum, so that

it is impossible to determine the amount awarded as fees.

The judgments for plaintiff and defendant are affirmed, but the cause is remanded to the trial court for the entry of a single net judgment representing the ultimate difference between the two judgments.

NEY and TAUBMAN, JJ., concur.