Gerald J. KARG and William Karg, Plaintiffs–Appellants and Cross–Appellees,

v.

Allen MITCHEK and Robert Graves, doing business as Mitchek and Graves, a Partnership, Defendants–Appellees and Cross–Appellants.

Allen Mitchek, Plaintiff–Appellee and Cross–Appellant,

v.

Gerald J. Karg, Albert E. Karg, Victor W. Karg, Karg and Karg, a Partnership, Karg–Dermer, a Partnership, and Karg Land and Cattle Company, Inc., a Corporation, Defendants–Appellants and Cross–Appellees.

No. 96CA2008.

Colorado Court of Appeals, Div. IV.

July 9, 1998.

Rehearing Denied Aug. 6, 1998.

Certiorari Denied Sept. 13, 1999.

Mark N. Tschetter & Associates, P.C., Mark N. Tschetter, Victor L. Sulzer, Aurora, Colorado, for Appellants and Cross–Appellees.

Marcella T. Clark, Denver, Colorado, for Appellees and CrossAppellants.

Opinion by Judge CASEBOLT.

This appeal involves two consolidated actions concerning claims on a promissory note, open accounts, and setoffs thereto. In one action, plaintiffs, Gerald J. and William Karg (the Kargs), sued defendants, Allen Mitchek, Robert Graves, and Mitchek and Graves partnership, upon a promissory note (promissory note case). In the other action, Allen Mitchek sued Gerald J. Karg; Albert E. Karg; Victor W. Karg; Karg and Karg, a Colorado partnership; Karg–Dermer, a Colorado partnership; and Karg Land and Cattle Company, Inc., a Colorado corporation, asserting open account claims (open account case). Both parties appeal from the trial court's judgment that each was liable under

the note and open account claims but that their respective obligations were subject to certain setoffs. We affirm in part, reverse in part, and remand with directions.

For several years, Gerald J. Karg and Allen Mitchek and their various business associates and entities conducted business with one another. Karg was primarily in the business of raising cattle, while Mitchek was primarily involved in the business of providing corn feed.

The parties often loaned money or provided credit to one another. However, their relationship deteriorated because of disputes concerning payment of their respective debts.

In 1991, Karg Land and Cattle Company, Inc., filed an action against Mitchek to recover payment on a promissory note payable to it in the amount of $150,000 (Karg Land and Cattle case). In that action, the trial court determined that Mitchek's overall debt was a combination of the $150,000 note and a separate $55,602 note payable to Gerald J. Karg individually, even though Gerald J. Karg was not named or joined as a party to that action and no relief was requested concerning the second note. The trial court then set off against Mitchek's combined debt the debts of Karg Land & Cattle Company, Inc., its individual shareholders and their partnerships, and entered judgment with interest on the resulting balance.

In 1993, a division of this court reversed the judgment in the Karg Land and Cattle case, determining that the trial court had lacked personal jurisdiction over the individual shareholders of the plaintiff company because they had not been served and thus were not parties to the action. *Karg Land & Cattle Co. v. Mitchek,* (Colo.App. No. 91CA1875, January 14, 1993) (not selected for official publication). The division declared the judgment void as it pertained to the shareholders and remanded the cause.

On remand, the trial court entered judgment for Karg Land and Cattle Company, Inc., on the $150,000 note only. The court did not deal with the $55,602 note owed to Gerald J. Karg individually, and declined to determine the status of the open account setoffs claimed by Mitchek. No appeal ensued.

Meanwhile, in 1992, Gerald J. Karg had filed the promissory note case seeking collection on the promissory note payable to him individually in the amount of $55,602 that had purportedly been part of the judgment in the Karg Land and Cattle case. Later in 1992, Gerald J. Karg assigned the promissory note to his brother, William Karg, who was joined, but not substituted, as a plaintiff in the promissory note case.

On November 2, 1994, Mitchek filed the open account case seeking recovery on the open accounts that had purportedly been a subject of the Karg Land and Cattle case before reversal.

In December of 1994, the trial court consolidated the promissory note case and the open account case.

In 1996, the trial court resolved various issues on motions for summary judgment. Among other issues, the court determined that the open account claims asserted by Mitchek, with the exception of the Gerald J. Karg corn account, were barred as affirmative claims by the statute of limitations. However, the court concluded that the setoff defense relating to these accounts in the promissory note case was not barred by the statute of limitations because Mitchek's answer to the complaint had timely raised these accounts as setoffs.

The court also determined that Mitchek could assert setoffs for the open accounts owed to him personally against the Mitchek and Graves partnership debt under the promissory note.

Finally, the court found that Mitchek was entitled to interest on the open accounts at the statutory rate of 8%. The court also found that the promissory note accrued interest at the 12% rate stated in the note.

The issue remaining for trial was whether Mitchek's affirmative claim, made in the open account case on the Gerald J. Karg corn account, was barred by the statute of limitations. At trial, the jury found that the statute did not bar this claim, and the court entered judgment for the stipulated amount of the account.

## I.

Contending that the claim by Mitchek for payment on the open account referred to as the Gerald J. Karg corn account was barred by the statute of limitations, the Kargs contend that the trial court erred by denying their motion for summary judgment in the open account case. We disagree.

A denial of a motion for summary judgment is not a final determination on the merits and, therefore, is not an appealable order. *Manuel v. Fort Collins Newspapers, Inc.,* 631 P.2d 1114 (Colo.1981).

Further, an order denying a summary judgment motion is not appealable after a trial on the merits. In order to preserve an issue raised by summary judgment for appeal, the party asserting the argument must make a motion for directed verdict or for judgment notwithstanding the verdict. Failure to do so operates as an abandonment, and therefore a waiver, and the issue cannot then be reviewed on appeal. *Feiger, Collison & Killmer v. Jones,* 926 P.2d 1244 (Colo. 1996).

Here, because it determined that there were genuine issues of material fact, the trial court denied the motion for summary judgment, and the issue was resolved by the jury at trial. And, because no motion for directed verdict or judgment notwithstanding the verdict was made, such assertions of error must be deemed abandoned and waived. *See Feiger, Collison & Killmer v. Jones, supra.*

Accordingly, we reject this contention.

## II.

The Kargs next assert that the jury's verdict must be reversed because it was clearly erroneous for the jury to find that Mitchek's claim for repayment of the Gerald J. Karg corn account was not barred by the statute of limitations. We disagree.

When sufficiency of the evidence is challenged on appeal, we must determine whether the evidence, viewed as a whole and in the light most favorable to the prevailing party, is sufficient to support the jury's verdict. *Fair v. Red Lion Inn,* 920 P.2d 820

(Colo.App.1995), *aff'd,* 943 P.2d 431 (Colo. 1997).

If there is competent evidence to support a jury verdict, it will not be disturbed on appeal. *Vigil v. Pine,* 176 Colo. 384, 490 P.2d 934 (1971).

It is the sole province of the jury to resolve disputed issues of fact and to determine the credibility of witnesses, the weight to be accorded testimony, and the inferences to be drawn from evidence. *City of Fountain v. Gast,* 904 P.2d 478 (Colo.1995).

Here, the parties agreed that the statute of limitations period on this claim was six years and that the period began to run from the date of the last transaction on the account, including any partial payment. Accordingly, the dispositive issue was whether the last transaction on the account occurred more than six years before Mitchek filed the open account case on November 2, 1994.

Evidence was presented to the jury suggesting that the last transactions on the corn account had occurred on November 3 and/or November 4, 1988. This evidence conflicted with other evidence presented, which indicated that the November 3 and November 4, 1988, entries in certain business records did not represent legitimate business transactions on the corn account.

Resolution of such conflicts was for the jury, and sufficient evidence exists in the record to support the jury's finding. We therefore decline to disturb it.

## III.

The Kargs assert that, because a personal claim cannot be set off against a partnership debt, the trial court erred in allowing Mitchek to set off the open account debts against the debt owed by Mitchek and Graves on the promissory note. We disagree.

As a general rule, when a third person sues a partnership on a partnership obligation that is solely a joint debt, the partnership cannot set off claims of individual partners, but only claims of the partnership. *See Rogers v. McMillen,* 6 Colo.App. 14, 39 P. 891 (1895); *Omaha Crockery Co. v. Cleav-*

*er,* 104 Kan. 642, 180 P. 273 (1919). *See also* H. Reuschlein & W. Gregory, *The Law of Agency and Partnership* § 207 (1990).

However, when, as here, the partnership obligation is joint and several, the individual partner can plead his or her setoff. *See Merchants' National Bank v. Clark-Parker Co.,* 215 Cal. 296, 9 P.2d 826 (1932); J. Crane & A. Bromberg, *Law of Partnership* § 63 (1968). Hence, the claims for setoff were properly asserted by Mitchek alone.

■ Nevertheless, it is asserted that, with the exception of Gerald J. Karg, none of the parties or entities who owed Mitchek on the open accounts had any entitlement to the promissory note and were not parties to the promissory note case.

■ It is true that setoff generally requires mutuality of parties. *See Ingols v. Plimpton,* 10 Colo. 535, 16 P. 155 (1887); J. Crane & A. Bromberg, *supra,* at § 63. However, the trial court found Gerald J. Karg had admitted that all of the accounts in question, except the one attributable to Karg Land and Cattle Company, Inc., should have been charged to his personal account.

Under these circumstances, this finding, which has not been appealed, provides the requisite mutuality and allows the "other accounts" to be set off against Gerald J. Karg individually. Moreover, we note that the trial court did not allow the Karg Land and Cattle Company account to be used as a setoff.

Accordingly, we find no error.

## IV.

The Kargs and the defendants in the open account case assert that the trial court erred by awarding Mitchek prejudgment interest upon the open accounts on which Mitchek was allowed to recover. We disagree.

### A.

First, we reject their assertion that a debt must be liquidated to entitle the creditor to prejudgment interest, and that the open accounts constitute unliquidated debt.

Section 5–12–102(2), C.R.S.1997, entitles creditors to receive interest when there is no agreement as to the rate thereof, "at the rate of eight percent per annum compounded annually for all moneys after they become due ... on mutual settlement of accounts from the date of such settlement."

■ The trial court found that, in 1988, the parties had retained an accounting firm to examine their mutual accounts and determine their respective obligations. On August 25, 1988, each party had received a letter which summarized the accountant's findings. Because the accountants had ascertained the amount of each party's debt and communicated these amounts in the letter, the trial court found that the open accounts were clearly liquidated and became due on August 25, 1988.

These findings are supported by the record; thus, we will not disturb them. *See Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979). Moreover, § 5–12–102(3), C.R.S. 1997, provides that interest shall be allowed even if the amount is unliquidated at the time of wrongful withholding or at the time when due. *See Jasken v. Sheehy Construction Co.,* 642 P.2d 58 (Colo.App.1982) (in amending § 5–12–102, the General Assembly made a substantial change in the law, allowing an award of interest on unliquidated sums).

### B.

■ The defendants in the open account case also assert that Mitchek waived any right to interest on the open accounts because he failed to raise the issue of prejudgment interest in his pleadings in the Karg Land and Cattle case. We disagree.

C.R.C.P. 54(c) provides, in pertinent part: "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

Here, even if we assume, without deciding, that Mitchek's pleadings in the Karg Land and Cattle case could affect the outcome of the issue in this case, C.R.C.P. 54(c) and § 5–12–102, C.R.S.1997, entitle Mitchek to inter-

est on the debt due in any case, notwithstanding any failure to demand interest in the pleadings. *See Town of Breckenridge v. Golforce, Inc.*, 851 P.2d 214 (Colo.App.1992).

In the absence of evidence of an affirmative waiver in the Karg Land and Cattle case, we conclude that Mitchek did not waive his right to interest by failing to demand it in those pleadings, and he is not estopped from asserting a right to prejudgment interest here.

### C.

■ The Kargs and the defendants in the open account case also contend that, even if Mitchek is owed some prejudgment interest, the trial court erred by finding that such interest began accruing before Mitchek filed his action, because Mitchek did not demand or expect payment prior to that time. We disagree.

■ Section 5–12–102(1)(b), C.R.S.1997, allows interest on money which is due and owing, regardless of whether it is wrongfully withheld. *In re Tri Systems Consulting & Design, Inc.*, 115 B.R. 279 (Bankr.D.Colo. 1990).

■ However, in the context of determining when payment of debt is wrongfully withheld, either formal demand *or* circumstances demonstrating a reasonable expectation of payment renders nonpayment wrongful. *See W.H. Woolley & Co. v. Bear Creek Manors*, 735 P.2d 910 (Colo.App.1986).

Here, the trial court found that the accounting firm had established July 31, 1988, as the due date for all accounts, and that the letter of August 25, 1988, from the accounting firm established a present expectation of payment of which both parties were cognizant. *See W.H. Woolley & Co. v. Bear Creek Manors, supra.* Under the circumstances, the court held that the letter satisfied the need for a formal demand by the parties for payment, under the theory of wrongful withholding.

The trial court's findings are supported by the record, and we agree with its conclusion. We therefore reject this contention.

### V.

Finally, the Kargs assert that, because the promissory note provided for the "costs of collection and reasonable attorneys' fees," the trial court erred by not awarding attorney fees pursuant to those terms. We conclude that further findings are necessary.

■ When a note provides for an attorney's fee, and the holder of the note employs counsel who successfully brings suit on the note, a reasonable fee fixed by the court may be included in the judgment. *See Denver Lumber & Manufacturing Co. v. Capitol Life Insurance Co.*, 96 Colo. 21, 39 P.2d 1036 (1934). Such a provision amounts to an agreement to indemnify the holder of the note against expenses actually incurred, and the payment or obligation must be actual, bona fide, and reasonable. *Luby v. Jefferson County Bank*, 28 Colo.App. 441, 476 P.2d 292 (1970).

■ Further, if fees are incurred in defending against counterclaims that are grounded upon the same transaction out of which the principal debt arose and are asserted to defeat that debt, in whole or in part, it is not improper to consider these fees as a part of the costs of collection of that debt. This is so because, otherwise, a debtor might defeat the underlying purpose of the provision for attorney fees in a note by asserting counterclaims in defense of an action on the principal debt. *See Husband v. Colorado Mountain Cellars, Inc.*, 867 P.2d 57 (Colo.App.1993).

Here, the trial court ordered that, with the exception of the master's fees, each party must pay its own costs and attorney fees. The court did not address entitlement to attorney fees under the note provision.

We conclude that the trial court must revisit this issue. The court made no findings of fact; we are thus precluded from adequately reviewing the basis for its conclusion.

We reject Mitchek's contention that the Kargs have waived this issue by failing to assert it in post-trial motions, as the parties had agreed. The record reflects that the trial court issued its ruling before post-trial motions were due.

## VI.

In his appeal, Mitchek first asserts that he was entitled to receive prejudgment interest on any accounts owed to him at the rate of 12% or 18%, rather than the rate of 8%. We are not persuaded.

### A.

In support of his contention, Mitchek asserts that Gerald J. Karg agreed to pay interest on the open accounts. However, while that assertion is correct, there was no evidence to establish that Karg had specifically agreed to the *rate* of interest to be charged. Accordingly, the statutory rate was all that was due. *See* § 5–12–102, C.R.S. 1997 (when there is no agreement as to the rate thereof, creditors shall receive interest at the rate of eight percent per annum).

### B.

Nevertheless, Mitchek asserts that, because his terms on the accounts then in effect included charging interest at the rate of 18%, the trial court erred by not awarding interest pursuant to § 5–3–411, C.R.S.1997. We are not persuaded.

Section 5–3–411 deals with a revolving loan account, not an open account. That section is thus inapplicable here.

Moreover, Mitchek's contention that he is entitled to such interest under § 5–12–107, C.R.S.1997, was raised for the first time in the reply brief. Thus, we will not consider it. *See People v. Czemerynski*, 786 P.2d 1100 (Colo.1990) (issues not raised in an appellant's original brief will not be considered when raised for the first time in the reply brief).

### C.

■ Alternatively, Mitchek argues that, since he is obligated to pay twelve percent interest under the terms of the promissory note, he should be entitled to charge that same rate on the open account debt pursuant to the provision of § 5–12–102(1)(a), C.R.S. 1997, which states that when money has been wrongfully withheld, interest shall be an amount which fully recognizes that gain or benefit realized by the person withholding such money. We are not persuaded.

The trial court rejected this assertion, and we agree with its conclusion. The "benefit" realized by the note holder under the twelve percent interest rate is governed by contract. This contractual benefit was mutually agreed to; therefore, it cannot be considered to be a "wrongful" withholding of payment on open accounts.

## VII.

■ Next, Mitchek asserts that the trial court erred by setting off the balances owed on the open accounts due him against the balance owed on the promissory note as of July 24, 1996, rather than as of July 31, 1988. We disagree.

Mitchek relies upon *York Plumbing & Heating Co. v. Groussman Investment Co.*, 166 Colo. 382, 443 P.2d 986 (1968) which permitted the offset of an unliquidated claim against a liquidated claim before computation of interest. However, *York* is inapplicable in this case because the claims being set off here do not arise out of the same general transaction.

Here, the promissory note was signed on January 3, 1986, by the Mitchek and Graves partnership for money owed to Gerald J. Karg. The open accounts, in contrast, arose at various other times and were for corn delivered or for freight services.

Accordingly, the trial court properly calculated interest on the promissory note before setting off any amounts owed on the open accounts.

## VIII.

Mitchek contends that the trial court erred in determining that Gerald J. Karg was entitled to credits totaling $17,626.63 plus interest because the statute of limitations had run on any claim to such credit. We conclude that further findings are necessary as to this claim.

The trial court found that the master hearing these factual issues had properly considered the two loans that constituted this credit; however, the court made no find-

ings concerning the statute of limitations claim as to these loans.

Because Mitchek properly asserted the statute of limitations defense, and because it requires findings of fact, we must remand this matter to the trial court.

Those parts of the judgment denying the Kargs' request for attorney fees and costs and allowing Gerald J. Karg credit for the two loans totaling $17,626.63 plus interest are reversed. The balance of the judgment is affirmed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

Judge RULAND and Judge ROY concur.