25CA1037 Garcia v Auto Nation North 03-12-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1037
City and County of Denver District Court No. 24CV764
Honorable Kandace C. Gerdes, Judge

---

Roy Garcia,

Plaintiff-Appellant,

v.

Auto Nation North,

Defendant-Appellee.

---

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE FREYRE
Brown and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 12, 2026

---

Roy Garcia, Pro Se

Michael G. McKinnon, Littleton, Colorado, for Defendant-Appellee

¶ 1     Plaintiff, Roy Garcia, appeals the judgment in favor of defendant, Auto Nation North (Auto Nation).  We affirm.[1]

## I.     Background

¶ 2     In September 2024, Garcia attempted to purchase a car from Auto Nation and executed a purchase agreement.  But rather than providing currency, a credit card, or other financing, Garcia wrote, "Pay to the order of Auto Nation North without recourse" on the reverse side of the purchase agreement.  Because the purchase agreement was not a negotiable instrument, Auto Nation refused to complete the sale of the vehicle or permit Garcia to take possession of the vehicle.

¶ 3     Garcia then initiated this action.  His complaint alleged a breach of contract and violations of the Truth in Lending Act, 15 U.S.C. § 1635(a); the Colorado Consumer Protection Act, §§ 6-1-101

---

[1] On December 8, 2025, Garcia filed a motion seeking several forms of relief, including compelling a decision in this appeal.  On December 22, that motion was denied as improper under C.A.R. 27.  On January 29, 2026, Garcia filed a motion to "vacate" the December 22 order and renew his December 8 motion.  To the extent the January 29 motion seeks a decision in this appeal, we deny it as moot due to the decision entered today.  To the extent the January 29 motion raises issues not raised in the opening brief, we decline to consider them and deny the motion.

to -1812, C.R.S. 2025; the Uniform Commercial Code (UCC) § 3-603 (A.L.I. & Unif. L. Comm'n 2022); the Fair Debt Collection Practices Act, 15 U.S.C. § 1692h; the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10); § 11-51-201(17), C.R.S. 2025; and "the Equal Opportunity Credit Act, 15 U.S.C. § 1602(9)."  After Auto Nation filed its answer, Garcia filed a motion for summary judgment under UCC section 3-603(a).  The trial court denied Garcia's motion, finding that "[d]isputed issues of material fact preclude the entry of summary judgment in favor of the Plaintiff."

¶ 4      The court conducted a bench trial on May 30, 2025, and issued a written judgment that stated:

> This action came for trial to the Court on May 30, 2025.  The issues were duly tried and the Court rendered a decision for Defendant on all claims brought by Plaintiff.  The Court, at the conclusion of the May 30, 2025 trial, delivered an oral ruling, incorporated herein by this reference.

¶ 5      Garcia then appealed.  In June 2025, this court advised Garcia that "[i]f appellant intends to include transcripts of any hearing or trial included in the record on appeal, the appellant must file a designation of transcripts with the trial court and an advisory copy with the appellate court within 7 days of the date of

filing the appellant's notice of appeal." Garcia never designated the trial transcript as part of the appellate record; thus, we are without the trial court's findings of fact and conclusions of law following the trial.

¶ 6 In October 2025, Garcia filed a motion to supplement the record, "to enforce a transcript fee waiver, and to address concealment of court records." He asserted the following:

- "The district court issued an order signed by Chief Justice Christopher Jay Baumann on August 4, 2025, waiving all e-service fees, including transcript fees."

- "Despite this order, the transcript office demands payment and a signed agreement to pay fees before releasing the transcripts."

- "The Appellant cannot comply without violating the district court's order and federal public policy."

- "It is known within the court system that certain transcripts were not included in the record, raising serious concerns about concealment of court records."

¶ 7 Garcia asked this court to take the following actions:

- "Order supplementation of the appellate record to include all trial transcripts without delay."

- "Enforce the district court's fee waiver order, mandating transcript production without any payment or fee."

- "Declare that any demand for transcript fees violates Public Law 73-10, House Resolution 192, and established public policy."

- "Investigate and address any violations of 18 U.S.C. §§ 2071, 2076, and 1946 related to concealment or withholding of court records."

- "Provide any additional relief the Court deems just and proper to ensure a fair and complete appellate process."

¶ 8    This court denied Garcia's motion:

> The federal law cited by appellant does not apply to this case.  Further, the district court's order waiving the filing fee did not waive transcript fees.  CJD 98-01 does not permit a court to waive filing fees in a civil case.  Further, "there is no right to transcripts at state expense in a civil action."  *Almarez v. Carpenter*, 477 P.2d 792, 794 ([Colo.] 1970).

¶ 9    On appeal, Garcia contends that the trial court erred by (1) denying his motion for summary judgment; (2) "violating the

4

doctrine of stare decisis and the Code of Conduct for United States judges by ignoring binding precedent"; (3) misinterpreting the term "funds" and failing to recognize Garcia's status as a holder in due course, affecting enforceability of the instrument; (4) failing to recognize Garcia's perfected security interest recorded with the Colorado Secretary of State; (5) applying UCC section 3-603(b) regarding tender and wrongful dishonor; (6) failing to properly apply the Colorado Consumer Protection Act; and (7) admitting undisclosed, unauthenticated, and fraudulent evidence in violation of discovery rules.

## II. Denial of Garcia's Motion for Summary Judgment

¶ 10    Garcia's contention that the trial court erred in denying his motion for summary judgment is not properly before us. "[A] denial of a motion for summary judgment is not a final determination on the merits and, therefore, is not an appealable order." *Tisch v. Tisch*, 2019 COA 41, ¶ 47 (quoting *Karg v. Mitchek*, 983 P.2d 21, 25 (Colo. App. 1998)). Nor is such a denial appealable after a final judgment. *Karg*, 983 P.2d at 25. Thus, we need not address the merits of Garcia's argument regarding the trial court's denial of his motion for summary judgment.

### III. Garcia's Remaining Contentions

¶ 11    Garcia's remaining contentions relate to evidence presented at the trial. But Garcia has not provided us with the trial transcript. "It is incumbent upon the moving party to designate all those portions of the record necessary for the appeal." *Hock v. N.Y. Life Ins. Co.*, 876 P.2d 1242, 1252 (Colo. 1994); C.A.R. 10(d)(3) ("The appellant must include in the record transcripts of all proceedings necessary for considering and deciding the issues on appeal."). This gap in the record has consequences for our decision-making because, if relevant transcripts are not included in the record on appeal, we must presume that the trial court's findings and conclusions are supported by the evidence. *See Digit. Landscape Inc. v. Media Kings LLC*, 2018 COA 142, ¶ 81; *Hock*, 876 P.2d at 1252 ("An appellate court must presume that the trial court's findings and conclusions are supported by the evidence when the appellant has failed to provide a complete record."). Applying that presumption, we affirm the court's judgment.

### IV. Disposition

¶ 12    The judgment is affirmed.

JUDGE BROWN and JUDGE SCHUTZ concur.

6